RECEIVED-CLERK
U.S. DISTRICT COURT
01 FEB 19 PM 5:04
EASTERN DISTRICT
TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 19 2001

DAVID MALAND, CLERK
By
Deputy _____

| | | |
|---|---|---|
| PATSY FINCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2-01CV026 — TJW |
| | § | |
| (1) FORT BEND INDEPENDENT | § | |
| SCHOOL DISTRICT, (2) DON HOOPER, | § | JURY |
| IN HIS OFFICIAL AND INDIVIDUAL | § | |
| CAPACITY, AND (3) ARTHUR CULVER | § | |
| IN HIS OFFICIAL AND INDIVIDUAL | § | |
| CAPACITY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Patsy Finch, files this her Plaintiff's Original Complaint.

### I. Jurisdiction and Venue

1.     This court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1343 and

1367. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1).

### II. Parties

2.     Plaintiff Patsy Finch is a former employee of defendant Fort Bend Independent

School District and was at all times mentioned herein a resident of Fort Bend County, Texas.

3.     Defendant Fort Bend Independent School District is a political subdivision of the

State of Texas, created pursuant to state law and responsible for providing public education for

persons residing in Fort Bend County.  Defendant Fort Bend Independent School District may be

served with process by and through the President of its Board of Trustees, Jane Clarke, at 1218

Cardinal Avenue, Sugar Land, Texas 77478.

4.     Defendant Don Hooper is the duly appointed and acting Superintendent of the Fort Bend Independent School District, responsible pursuant to state law for the overall administration of the Fort Bend Independent School District, including the responsibility for making recommendations to the Board of Trustees concerning hiring, firing, and discipline of employees of the Fort Bend Independent School District. Defendant Don Hooper may be served with process at 16431 Lexington Boulevard, Sugar Land, Texas 77479. Defendant Don Hooper is sued in his individual and official capacities.

5.     Defendant Arthur Culver was the Area I Superintendent of Fort Bend Independent School District who was the immediate Supervisor of Patsy Finch. Defendant Arthur Culver may be served with process at his residence located at 6 Brownwood Drive, Longview, Texas 75602-1902. Defendant Arthur Culver is sued in his individual and official capacities.

### III. Facts

6.     Patsy Finch became the Principal of Lake Olympia Middle School in Fort Bend Independent School District July 1, 1997 for the 1997-1998 school year. Her salary was $81,000 per year, and she was given a one-year probationary contract as provided by state law.

7.     Lake Olympia Middle School experienced a dramatic improvement in TAAS scores according to the 1997-1998 School Report Card.

8.     In the State of Texas, generally, and in Area I of Fort Bend Independent School District in particular, the TAAS test is the primary measure of a principal's success.

9.     In February or March of 1998, even before the TAAS report card came out, Arthur Culver specifically recommended Plaintiff for re-employment. She received a new two-year contract with the Fort Bend Independent School District and a raise to $83,980.47.

2

10.    After the end of her first year, on August 11, 1998, Patsy Finch received an exemplary five-page written evaluation from her supervisor, defendant Arthur Culver, Area I Superintendent.

11.    Without any prior warning, on Thursday, February 25, 1999, Arthur Culver came to the Lake Olympia Middle School campus and told plaintiff that Superintendent Don Hooper had two options for her: 1) that she could submit a resignation immediately, resigning at the end of the year and the Superintendent would leave her alone and not embarrass her in any way, or 2) if she refused to resign, since she still had a year on her contract, he would reassign her immediately to a much lower position, destroying her career.

12.    A meeting with defendant Don Hooper was scheduled immediately. At that meeting, defendant Don Hooper gave as his first and principal reason for his ultimatum, that he did not like her. He told her that even if her school was rated "exemplary," he would not renew her contract.

13.    Defendant Don Hooper also threw out the following pretexual accusations as additional reasons: her interview for a recent follow-up news story about old events in Houston Independent School District; ongoing contact with school board members concerning the gap in education at her school and other issues; her alleged inability to control parents because they talked to school board members; her protest of the forced resignation of an employee; teacher turnover and that he had heard that she thought her school counselor was a spy. These were not the same reasons he gave later.

14.    Following this meeting, defendant Arthur Culver offered to hire her as the director of secondary education in Longview, where he was going as Superintendent. He discouraged her from filing a grievance against Don Hooper.

15.    Later that afternoon, defendant Arthur Culver returned to Lake Olympia Middle

3

School and told Patsy Finch that Don Hooper had not changed his mind and again requested her resignation. She requested more time. He called her at home twice that night, and in the second call, he demanded her resignation, and told her she had until noon the next day to submit her resignation or she would be reassigned.

16.     The next day, on Friday, February 26, as Plaintiff was starting to pull out of her own driveway, a Fort Bend Independent School District Police patrol car pulled up in front of her driveway, blocking her in and preventing her from leaving. The police officer then handed her a letter from the district telling her she had been reassigned. The officer also ordered her not to go to Lake Olympia Middle School, but to report to Superintendent Don Hooper's office.

17.     On March 3, 1999 Patsy Finch received additional correspondence from defendant Don Hooper concerning her demotion and listing new, previously unmentioned reasons for this action.

18.     Patsy Finch was demoted to a newly-created, low-level position in the maintenance department. Her new duties in the maintenance department were menial and clerical in nature. She suffered daily indignities and humiliations at the hands of defendants. Plaintiff Patsy Finch was, in effect, constructively discharged without good cause.

19.     No hearing was held prior to plaintiff Patsy Finch's constructive discharge. She was wrongfully denied a due process hearing because she was not formally terminated. Following her constructive discharge and demotion, plaintiff filed a grievance against Don Hooper.

20.     At the first hearing, a new set of reasons for the action against plaintiff Patsy Finch were alleged by defendants including a new allegation-- that she had committed a felony. This first grievance hearing against Don Hooper was presided over by defendant Don Hooper himself.

4

Defendant Hooper denied the grievance.

21.     The grievance was appealed to the Board of Trustees, which did not act to reverse Hooper's decision. No findings of fact were issued by the Board of Trustees, and no reasons were given for its failure to act.

22.     On July 16, 1999, Plaintiff formally retired, because she could no longer bear the situation in which she had been placed, and because she could not find employment in another school district. As of this date, she has been unable to find employment as an educator.

### IV.  Count I - Violation of Procedural Due Process

23.     Pursuant to state law, plaintiff had a legitimate expectation of continued employment as an administrator in Fort Bend Independent School District for a period of two years from 1998 to 2000.

24.     Pursuant to state law, plaintiff Patsy Finch had a constitutionally protected property interest in her employment as an administrator in Fort Bend Independent School District, which could only be taken pursuant to due process and with good cause.

25.     Defendants denied plaintiff her property without due process in violation of the Fourteenth Amendment to the United States Constitution in many respects, but particularly by constructively discharging her from her employment. Without official termination, she suffered the consequences of being fired, but without the due process protections available under state law to contract employees who are formally terminated. Defendants did this without giving her a due process hearing or even a decision by the Board of Trustees on her post-termination grievance proceeding. Defendants Don Hooper and Arthur Culver, acting under color of law and according to the custom and policy of the school district, caused the constructive discharge. The district,

through its Board of Trustees, ratified the employment decision and furthermore failed to act to remedy this situation at the grievance proceeding or otherwise.

26.     By reason of her constructive discharge and the failure to be afforded due process, plaintiff has lost wages and other compensation and has suffered embarrassment, humiliation, mental anguish, loss of self-esteem, anxiety and depression. She has been unable to get a job in public school administration and is not likely to be able to get one in the future.

27.     The wrongs committed by defendants Don Hooper and Arthur Culver, the Superintendent and Area I Superintendent, represented official policy of the school district and were ratified by the district through the approval of the Board of Trustees.  Defendant Don Hooper either had authority from the Board of Trustees to demote plaintiff, or his acts were ratified and approved by the Board of Trustees of the school district, or both. The acts against Patsy Finch were committed recklessly and/or in bad faith.

28.     By this cause of action filed pursuant to 42 U.S.C. §§1983 and 1988 and the United States Constitution, plaintiff Patsy Finch seeks and is entitled to receive:

a.      a mandatory injunction requiring that defendants reinstate plaintiff to her position as Principal of Lake Olympia Middle School;

b.      compensatory damages and punitive damages in an amount to be proved at trial; and

c.      attorney's fees, expert fees, costs of this action and such other relief as the court deems just and right.

### V. Count II - Violation of Substantive Due Process

29.     The actions of the defendants were not rationally related to a legitimate governmental interest. The acts of defendants furthermore were motivated by bias, bad faith or other improper

motive. The reasons given for the constructive discharge were inadequate and the manner of the constructive discharge was improper. Had the defendants terminated her outright, she would have had the protections afforded her under state law, and defendants would have had to provide reasons amounting to "good cause," which they did not have. But instead, they chose unlawful means to get rid of her and to deny her rights.

30.     The wrongs committed by defendants Don Hooper and Arthur Culver, the Superintendent and Area I Superintendent, represented official policy or custom of the school district and were ratified by the school district through the approval of the Board of Trustees of the school district. Defendant Don Hooper either had authority from the Board of Trustees to demote plaintiff, or his acts were ratified and approved by the Board of Trustees of the school district, or both. The acts against Patsy Finch were committed recklessly and/or in bad faith.

31.     The district failed to act to remedy this deprivation of Patsy Finch's substantive rights by its employees, Hooper and Culver, and thereby also violated her substantive due process rights.

32.     By this cause of action filed pursuant to 42 U.S.C. §§ 1983 and 1988, and the United States Constitution, plaintiff Patsy Finch seeks and is entitled to receive:

a.      a mandatory injunction requiring that defendants reinstate plaintiff to her position as Principal of Lake Olympia Middle School;

b.      compensatory damages and punitive damages in an amount to be proved at trial; and

c.      attorney's fees, expert fees, costs of this action and such other relief as the court deems just and right.

## VI. Count III - Violation of Liberty Interest

33.     In addition to demoting her and removing her as Principal, defendants made many

7

false and inappropriate charges against Patsy Finch, including an eleventh hour charge of falsifying records which was pretextual and demonstrably false.

34.     Defendants Arthur Culver and Don Hooper knowingly made the false accusations that stigmatized plaintiff, causing her to be the object of scorn and ridicule, and thereby violated plaintiff's liberty interest in her good name in violation of the Fourteenth Amendment to the United States Constitution.

35.     The wrongs committed by defendants Don Hooper and Arthur Culver, the Superintendent and Area I Superintendent, represented official policy and custom of the school district. Defendant Don Hooper either had authority from the Board of Trustees or his acts were ratified and approved by the Board of Trustees of the school district, or both.

36.     Defendant Fort Bend Independent School District is liable because the Board of Trustees has the ultimate authority within the Fort Bend Independent School District to make and execute personnel policy for the Fort Bend Independent School District with respect to its appointed officials. They presided over the hearing at which many of these accusations were made, further stigmatizing plaintiff and approved the decision and also failed to act to remedy this situation.

37.     The actions of defendants set forth above were taken with malice and in bad faith, entitling plaintiff to an award of exemplary damages.

38.     By this cause of action filed pursuant to 42 U.S.C. §§1983 and 1988 and the United Stated Constitution, plaintiff Patsy Finch seeks and is entitled to receive:

a.     a mandatory injunction requiring that defendants reinstate plaintiff to her position as Principal of Lake Olympia Middle School;

b.     compensatory damages and punitive damages in an amount as proved at trial; and

8

c.      attorney's fees, expert fees, costs of this action and such other and further relief as
the court deems proper.

## VII.  Count IV - Violation of Plaintiff's Right to Free Speech and Association

39.      Defendant's actions in removing plaintiff as principal of the Lake Olympia Middle
School were unrelated to plaintiff's performance in her position, but were in fact taken because of
plaintiff's public expression concerning the education gap at her school and the "School Within a
School" project, matters of public concern. Defendants' complaints concerning her association with
parents and school board members as well as their efforts to isolate and ostracize plaintiff Patsy
Finch violated her right to free association under the First and Fourteenth Amendments to the
Constitution.

40.      The actions of defendants set forth above violated plaintiff's right of free speech as
guaranteed by the First and Fourteenth Amendments to the United States Constitution.

41.      Defendant Fort Bend Independent School District is liable for the violation of
plaintiff's rights as set forth above because the Board of Trustees and the Superintendent, pursuant
to state law, are given the final authority to make and execute employment policy on behalf of the
Fort Bend Independent School District.  Moreover, the Board of Trustees wrongfully failed to act
to remedy the problem when presented with her grievance.

42.      As a result of the actions of defendants as set forth above, plaintiff has been damaged
by the loss of income, loss of professional stature, and public humiliation of being removed as
Principal of Lake Olympia Middle School

43.      By this cause of action filed pursuant to 42 U.S.C. §§ 1983 and 1988 and the United
States Constitution, plaintiff Patsy Finch seeks, and is entitled to receive:

a.      a mandatory injunction requiring that defendants reinstate plaintiff to her position as Principal of Lake Olympia Middle School;

b.      compensatory damages and punitive damages, in an amount proved at trial; and

c.      attorney's fees, expert fees, costs of this action and such other relief as the court deems fair and appropriate under the circumstances.

## VIII. Count V - Violation of Article I, Section 8 of the Texas Constitution

44.     Defendant's actions removing plaintiff as principal of the Lake Olympia Middle School were unrelated to plaintiff's performance in her position, but were in fact taken because of plaintiff's public expression concerning the education gap at her school and the "School Within a School" project, matters of public concern. Defendants' complaints concerning her association with parents and school board members as well as their efforts to isolate and ostracize plaintiff Patsy Finch violated her right to free association under the Texas Constitution.

45.     Defendant Fort Bend Independent School District is liable for the violation of plaintiff's rights as set forth above because the Board of Trustees and Superintendent, pursuant to state law, have the final authority to make and execute employment policy on behalf of the Fort Bend Independent School District. Moreover, the Board of Trustees wrongfully failed to act to remedy the problem when presented with her grievance.

46.     As a result of the actions of defendants as set forth above, plaintiff has been damaged by the loss of income, loss of professional stature, and public humiliation of being removed as Principal of Lake Olympia Middle School.

47.     By this count, plaintiff Patsy Finch seeks, and is entitled to receive:

a.      a mandatory injunction requiring that defendants reinstate plaintiff to her position as

10

Principal of Lake Olympia Middle School; and

b.      attorney's fees, costs of this suit and such other relief as the court deems just and

right.

### IX. Count VI - Intentional Infliction of Emotional Distress

48.      Defendants Hooper and Culver intentionally or recklessly harassed and humiliated

plaintiff Patsy Finch. Among other things, they threatened her career if she did not resign and when

she did not do so, they made good on their threat.  They removed her from a respectable

administrative position and placed her in a menial job. They instructed her fellow employees not to

communicate with her except as absolutely necessary.  They had campus police deliver the message

to her at her home, and had them block her driveway to give her a command not to come to her

campus. They falsely accused her of felonious conduct. These defendants knew that such behavior

would subject plaintiff to severe emotional distress. These defendants' conduct was extreme and

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency,

as to be regarded as atrocious and utterly intolerable in a civilized community. These wrongful acts

of defendants Culver and Hooper were not within the scope of their duties as administrators in Fort

Bend Independent School District.

49.      Defendants' conduct proximately caused plaintiff Patsy Finch damage in that it

caused plaintiff to suffer severe emotional distress. In particular, defendants' conduct was the direct

and proximate cause of severe disappointment, indignation, wounded pride, shame, despair, anxiety,

depression, and public humiliation in that plaintiff Patsy Finch was removed from her job and placed

in a menial position, warned by campus police not to return to her campus while they blocked her

driveway with their police car, and plaintiff Patsy Finch was ostracized and made the object of gossip

11

and rumor at work and in the community at large.

50.     Plaintiff's emotional distress has been severe in that plaintiff has suffered numerous intense headaches, is unable to sleep at night, has been unable to enjoy or digest her food and has engaged the services of a psychotherapist to assist her in dealing with these overwhelming feelings of indignation, wounded pride, shame, despair, public humiliation, anxiety and depression.

51.     Plaintiff Patsy Finch will continue to suffer additional damages as a proximate result of the defendants' conduct in that, in all reasonable probability, plaintiff will continue to suffer this mental pain and anguish for a long time into the future.  Plaintiff has also incurred loss of earnings and future earning capacity.

52.     The conduct of defendants Don Hooper and Arthur Culver described in this petition was malicious so as to entitle plaintiff to recover exemplary damages.  As a result of their conduct, plaintiff Patsy Finch has suffered losses of time and other expenses, including attorney's fees incurred in the investigation and prosecution of this action.

53.     Accordingly, plaintiff asks that exemplary damages be awarded against defendants Don Hooper and Arthur Culver in a sum within the jurisdictional limits of the court.

54.     By this count, plaintiff Patsy Finch seeks, and is entitled to receive:

a.      a mandatory injunction requiring that defendants reinstate plaintiff to her position as Principal of Lake Olympia Middle School;

b.      compensatory damages and punitive damages, in an amount proved at trial; and

c.      attorney's fees, costs and such other relief as the court deems just and right.

## X.  Count VII - Breach of Contract

55.     Defendants' actions effected a constructive discharge of Patsy Finch, thereby giving

rise to a breach of her two-year contract of employment with the district. The contract was breached by defendants in at least the following ways: 1) by demanding her resignation on threat of retaliation and demotion; 2) by the actual retaliation and demotion that occurred; 3) by forcing her ultimate resignation.

56.     By this count, plaintiff Patsy Finch seeks and is entitled to receive:

a.      specific performance, and/or incidental and consequential damages for breach of contract;

b.      attorney's fees; and

c.      costs of court.

## XI. Prayer

Wherefore, premises considered, plaintiff Patsy Finch prays that defendants be cited to appear and answer, and that on final trial, plaintiff have the following:

a.      Judgment against defendants, jointly and severally, for actual damages including lost wages, retirement, other benefits, pain and suffering and mental anguish.

b.      Injunctive relief, including reinstatement.

c.      Prejudgment interest as provided by law.

d.      Exemplary or punitive damages.

e.      Postjudgment interest as provided by law.

f.      Costs of suit.

g.      Such other and further relief to which plaintiff may be justly entitled.

13

Respectfully submitted,

**HOLMES, WOODS & GARZA**
50 Briar Hollow, Suite 550E
Houston, Texas 77027
(713) 960-9300 (Telephone)
(713) 877-8188 (Facsimile)

Cynthia Thomson Diggs
State Bar No. 18554600
Brad LaMorgese
State Bar No. 00796918


Michael C. Smith
State Bar No. 18650410
**THE ROTH LAW FIRM**
115 North Wellington, Suite 200
Marshall, Texas 75670
(903) 935-1665 (Telephone)
(903) 935-1797 (facsimile)

**Attorneys for Plaintiff, Patsy Finch**

14